THE STATE, EX REL. SEARS, ROEBUCK & COMPANY, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 80AP-864—Decided March 31, 1981.)

*Seeley, Savidge & Aussem Co., L.P.A., Mr. Thomas M. Carolin* and *Mr. Ted R. Greiner,* for relator.

*Mr. William J. Brown,* attorney general, *Mr. Michael J. Hickey* and *Ms. Nancy J. Miller,* for respondent Industrial Commission.

*Messrs. French & French* and *Mr. James H. French,* for respondent David A. Seacrist.

McCORMAC, J. Relator, Sears, Roebuck & Company, commenced this action in mandamus, alleging that respondent Industrial Commission abused its discretion in increasing the percent of permanent partial disability awarded claimant-respondent, David A. Seacrist, in ruling on relator's application for reconsideration which had requested that only part of the order be vacated. The Industrial Commission and the claimant denied an abuse of discretion. The parties stipulated that the entire evidence to be considered consisted of the Industrial Commission file of the claimant, designated as claim No. 589581-22.

Claimant was injured in the course of his employment with relator when his left hand was jammed into a saw blade. The claim was certified for a compound comminuted fracture of the left middle finger and a compound fracture of the middle phalanx of the left thumb.

The Industrial Commission subsequently issued a decision on August 1, 1979, finding claimant to be entitled to a "half-loss" of the left thumb due to ankylosis, a "third-loss" of the left second finger due to ankylosis, and an additional 14 percent permanent partial disability. On September 4, 1979, relator filed an application for reconsideration of that decision, requesting that only the portion of the Industrial Commission's order granting claimant an award for loss of the left thumb be vacated. The other parts of the award of August 1, 1979, were paid.

After a hearing on relator's application for reconsideration, an opinion was obtained from a member of the Industrial Commission's medical section as to the percentage of permanent partial disability due to decrease in motion of the left thumb. A member of the medical staff reported that claimant had a 6 percent disability to the body as a whole, due to

the decrease in thumb motion. On July 17, 1980, another hearing was held on the application for reconsideration of the decision of August 1, 1979. After the hearing, the decision was modified by vacating the award of compensation for a "half-loss" of the left thumb on the basis that claimant did not have complete ankylosis of the left thumb as required by R.C. 4123.57(C), increasing the award of permanent partial disability from 14 percent to 20 percent, and affirming the ankylosis award for the injury to the left second finger.

Relator contends that the Industrial Commission abused its discretion in going beyond relator's application for reconsideration in the modification of the August 1, 1979 order. Relator contends that because its application for reconsideration only sought vacation of the award for ankylosis of the left thumb, the Industrial Commission had jurisdiction to consider only that part of the award and could not modify the August 1, 1979 award otherwise. Relator, thus, contends that when the Industrial Commission found that the award for ankylosis of the left thumb was improper under R.C. 4123.57(C), they should have vacated that portion of the award, without modifying the permanent partial disability.

Claimant and the Industrial Commission assert, on the other hand, that a timely motion for reconsideration gives power to the Industrial Commission to pass on all of the issues of the award from which reconsideration is sought and that, within the Industrial Commission's discretion, any part of the decision may be modified even though the motion refers only to one part.

Awards under R.C. 4123.57(B) and (C) for permanent partial disability, ankylosis and loss of fingers or thumbs shall not be modified except on application for reconsideration filed within ten days after the receipt of the decision of the district hearing officer. R.C. 4123.57(B). An application for partial reconsideration was timely filed in this case. The issue is whether a party can limit the jurisdiction of the Industrial Commission to reconsider an award in its entirety by only asking for reconsideration of a part of the award.

Jurisdiction of the Industrial Commission to reconsider an award granted pursuant to R.C. 4123.57 is not limited to only those parts of the award specified in the motion. When reconsideration is requested, the Industrial Commission has jurisdiction to reconsider and modify any aspect of the order from which reconsideration is sought. There is no statutory limitation to the jurisdiction of the Industrial Commission to modify any aspect of the award from which a timely motion for reconsideration is made, nor does any rule of the Industrial Commission so limit its discretion. The Industrial Commission, by virtue of a timely motion for reconsideration, retains discretion to modify or correct any part of the award and not just an aspect of the award designated by the applicant. In this respect, it is similar to the jurisdiction retained by the Industrial Commission to reconsider its decisions until the actual institution of a court appeal therefrom or expiration of the time for appeal. As pointed out recently in *Todd* v. *General Motors* (1981), 65 Ohio St. 2d 18 [19 O.O.3d 195], the commission may act within its 60-day period of continuing jurisdiction, while it still maintains control over a decision. Similarly in this case, the Industrial Commission did not abuse its discretion in reconsidering the entire order from which reconsideration was sought, even though the applicant for reconsideration tried to limit the reconsideration to a single issue. Also in this case, reconsideration was sought on the basis that the ankylosis award for restriction of motion in the left thumb was improper under R.C. 4123.57(C). The application for reconsideration brought into issue what, if any, award could be made for that restriction of motion. The Industrial Commission did not abuse its discretion in determining that a perma-

nent partial disability award of 6 percent was proper when it was necessary to vacate the ankylosis award as not being in accordance with the provisions of R.C. 4123.57(C). There was medical evidence in support of that finding.

Relator was given notice of the Industrial Commission's intent to reconsider the substitution of additional permanent partial disability payments for injury to the left thumb, was represented in the hearing concerning that matter, and was accorded due process.

Since the Industrial Commission did not abuse its discretion, a writ of mandamus will not issue.

*Writ denied.*

WHITESIDE and REILLY, JJ., concur.