DECISION
Relator, William T. Hayes, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order which vacated its prior July 12, 2000 order in which permanent total disability compensation was granted to relator, after finding that grounds existed for its exercise of its continuing jurisdiction in R.C. 4123.52, because of the failure to address the issue of the effect of relator's voluntary retirement on his eligibility for permanent total disability compensation.
This court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (See Appendix A attached.) The magistrate concluded that relator had failed to demonstrate that respondent-commission had abused its discretion in its exercise of its continuing jurisdiction and that res judicata did not preclude consideration of the effect, if any, of relator's voluntary retirement on his entitlement to permanent total disability compensation.
Relator filed an objection to the decision of the magistrate essentially rearguing issues already adequately addressed therein. For the reasons stated in the decision of the magistrate, the objection is overruled.
Following independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, the requested writ is denied.
Objection overruled; writ of mandamus denied.
BOWMAN and BROWN, JJ., concur.
 IN MANDAMUS
Relator, William T. Hayes, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which vacated its prior July 12, 2000 order in which permanent total disability ("PTD") compensation was granted to relator, after finding that grounds existed for its exercise of its continuing jurisdiction in R.C. 4123.52, because the staff hearing officer ("SHO") had failed to address the issue of the effect of relator's voluntary retirement on his eligibility for PTD compensation which issue had been raised by respondent-employer Dayton Walther Corporation ("employer") at the hearing. Relator requests that this court or the commission reinstate the July 12, 2000 order granting his application for PTD compensation.
Findings of Fact:
1. Relator sustained a work-related injury on July 28, 1984, and his claim has been allowed for: Concussion left side of skull; strain of left shoulder and strain of low back; post-concussive seizure disorder.
2. Relator was paid temporary total disability ("TTD") compensation.
3. On December 20, 1985, the employer filed a motion to terminate relator's TTD benefits based upon his retirement.
4. By order dated July 15, 1987, the SHO concluded as follows:
 The Staff Hearing Officers further find that it was the claimant's understanding that he would lose the accrued pension benefits unless he retired prior to 10-31-84.
 The Staff Hearing Officers further find that the claimant has remained under the active medical treatment of his attending physician and has testified that he will seek employment in the future when his condition as a result of the industrial injury of 7-28-84 permits re-employment.
 Therefore, the Staff Hearing Officers find that the claimant's retirement on 10-21-84 was not a non-disability related voluntary retirement within the meaning of State ex rel. Jones and Laughlin Steel Corp. v. Rosado.
 The Staff Hearing Officers further find that the claimant has continued to be unable to return to and perform his former job duties as a burr bench operator for the period 10-21-84 through the present as a result of the recognized conditions in this claim. Therefore, the claimant is awarded Temporary Total Compensation for the period 10-21-84 through 10-7-87 to continue in accordance with medical evidence which supports the claimant's inability to return to his former employment due to the allowed conditions in this claim.
5. On February 10, 1989, the employer filed a motion requesting the termination of relator's TTD compensation on the basis of permanency. This motion was ultimately granted by order dated February 11, 1991.
6. On December 1, 1989, relator filed an application for PTD compensation. By order dated June 13, 1997, relator's application was denied. The SHO concluded that relator was capable of engaging in sedentary and light duty work activities and, based upon a consideration of the nonmedical disability factors, the commission concluded that relator was able to engage in some sustained remunerative employment.
7. On February 15, 1996, the employer filed a motion asking the commission to vacate the July 15, 1987 order and find, as a matter of law, that relator did voluntarily retire.
8. The commission construed employer's motion as one for reconsideration and denied it by order dated August 7, 1996.
9. On October 23, 1998, relator filed his second application for PTD compensation. In support of his application, relator submitted the August 13, 1998 report of Dr. C.D. Hanshaw, who opined as follows:
 At this time, I feel Mr. Hayes is unable to pursue gainful employment due to his recurrent problems and medication side-effects particularly with the Soma, Phenobarbitol, and anti-seizure medications in combination. Please feel free to contact me concerning this patient.
10. Relator was examined by Dr. Joel Vandersluis, who issued a report dated February 25, 1999. Dr. Vandersluis opined that relator had reached maximum medical improvement ("MMI"). Dr. Vandersluis found a five percent impairment for the concussion to the left skull, a five percent impairment for the low back strain, and a twelve percent impairment for the post-concussive seizure disorder. Dr. Vandersluis was not able to determine an impairment for relator's left shoulder as this was not within the realm of his skills. Dr. Vandersluis concluded that claimant was unable to perform his prior occupation and was incapable of performing sustained remunerative activity at this time based upon a reduction of relator's alertness, his requirement for continuous medication and his continuous pain. Dr. Vandersluis completed an occupational activity assessment wherein he opined that relator could sit, stand and walk each for zero to three hours; lift, carry, push, pull or otherwise move up to ten pounds for zero to three hours; occasionally climb stairs, use foot controls, handle objects, reach at waist and knee level; and was precluded from climbing ladders, crouching, stooping, bending, kneeling, reaching overhead and at floor level.
11. An employability assessment was prepared by Tracey H. Young, MA, CRC, who opined that, based upon the medical opinions of Drs. Vandersluis and Hanshaw, relator was not employable.
12. Relator's application for PTD compensation was heard before an SHO on July 12, 2000. Based upon the reports of Drs. Vandersluis, Hanshaw and the employability assessment of Ms. Young, relator's application was granted.
13. On November 22, 2000, the employer filed a motion for reconsideration alleging that the SHO did not address the issue of relator's retirement in the order granting PTD compensation although the employer had raised that issue at the hearing.
14. The commission issued an interlocutory order stating, in pertinent part, as follows:
 It is the finding of the Industrial Commission that the Employer has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration, regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow.
 Specifically, it is alleged that the Staff Hearing Officer did not address the issue of voluntary retirement in her order, an issue raised at the hearing.
 Based on these findings, the Industrial Commission directs that the Employer's request for reconsideration filed 11/22/2000 is to be set for hearing to determine if the alleged mistake of law as noted herein is sufficient for the Industrial Commission to invoke its continuing jurisdiction.
 In the interests of administrative economy and for the convenience of the parties, after the hearing on the question of continuing jurisdiction, the Industrial Commission will take the issue under advisement and proceed to hear the merits of the claimant's IC-2 Application filed 10/23/1998. The Commission will thereafter issue an order on the matter of continuing jurisdiction under Ohio Revised Code, Section 4123.52. If authority to exercise continuing jurisdiction is found, the Commission will go on to address the merits of the underlying questions.
15. A hearing was held on relator's request for reconsideration on March 27, 2001. The commission determined that grounds existed for it to exercise its continuing jurisdiction under R.C. 4123.52, and vacated the prior SHO order of July 12, 2000. The commission concluded that a mistake of law had been made because the SHO failed to address the issue of voluntary retirement which had been raised by the employer at the hearing.
16. After vacating the July 12, 2000 SHO order, the commission went on to address relator's application for PTD compensation. The commission found that the report of Dr. Vandersluis was internally inconsistent and ordered a new commission specialist medical examination. The commission determined that once a new examination was completed, the claim should be reset before the commission on the issue of the impact of relator's retirement and his entitlement to PTD compensation.
17. Thereafter, relator filed the instant complaint in mandamus alleging that the commission abused its discretion when it invoked its continuing jurisdiction and vacated the July 12, 2000 SHO's order which had granted his application for PTD compensation.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
R.C. 4123.52 provides, in pertinent part, as follows:
 The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as in its opinion is justified. * * *
In State ex rel. B C Machine Co. v. Indus. Comm (1992),65 Ohio St.3d 538, the Ohio Supreme Court examined that judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:
 R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, e.g., State ex rel. Gatlin v. Yellow Freight System, Inc. (1985), 18 Ohio St.3d 246 * * * (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979), 58 Ohio St.2d 132 * * * (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159 * * * (continuing jurisdiction exists when prior order is clearly a mistake of fact); State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164 * * * (commission has continuing jurisdiction in cases involving fraud); State ex rel. Manns v. Indus. Comm (1988), 39 Ohio St.3d 188 * * * (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85, 86
* * * (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. In so holding, we note that the court of appeals ably recognized that: "* * * [W]here it is clear that this court would issue a writ of mandamus ordering the Industrial Commission to vacate, modify * * * the respondent Industrial Commission neither exceeds its authority or jurisdiction nor acts unlawfully nor abuses its discretion if it proceeds to make such correction that this court would clearly have ordered without awaiting either an action being filed in this court or a decision from this court if one be filed." Id. at 541-542.
The Ohio Supreme Court has set forth additional requirements for the exercise of continuing jurisdiction which had been reiterated in Industrial Commission Resolution No. 98-1-03. In the present case, the commission indicated that it was exercising its continuing jurisdiction because the prior PTD order contained an error of law and cited Resolution No. 98-1-03(D)(1)(d).
Relator argues that the employer is attempting to circumvent the proper procedures and is actually challenging the prior commission order which found that his TTD compensation should not be terminated because of his retirement. In its July 15, 1987 order, the commission had concluded that relator's retirement on October 21, 1984, was not a nondisability related voluntary retirement within the meaning of Jones Laughlin Steel Corp. v. Indus. Comm. (1985), 29 Ohio App.3d 145. Relator contends that the commission has already determined that his retirement was not voluntary for purposes of compensation under the workers' compensation system and that this prior commission order constitutes res judicata. For the reasons that follow, this magistrate disagrees.
Relator is correct to state that the commission has made a determination that his retirement was not a nondisability related voluntary retirement. However, that decision was directly related solely to relator's entitlement to further TTD compensation and was based upon the holding in Jones Laughlin Steel Corp., supra. In the present case, the question relates to the effect, if any, of relator's retirement on his entitlement to PTD compensation. Regardless of relator's assertions, res judicata does not apply because there is no identity of issue as required before res judicata can be applied. Further, relator's argument ignores several Ohio Supreme Court cases which have found that the commission abuses its discretion if the commission does not address the impact of a claimant's retirement on claimant's eligibility for PTD compensation when that issue is specifically raised by the employer.
In State ex rel. Reliance Elec. Co. v. Wright (2001), 92 Ohio St.3d 109, the court recently addressed this issue and stated as follows:
 Generally, a workers' compensation claimant is entitled to PTD compensation under R.C. 4123.58 where the medical impairment due to the allowed conditions in the claim, either alone or in conjunction with nonmedical disability factors, prevents the claimant from engaging in sustained remunerative employment. Moreover, any impairment caused by nonallowed medical conditions, even if independently work-preclusive, cannot defeat the claimant's eligibility for PTD compensation. Regardless of nonallowed disabling conditions, the claimant's entitlement to PTD compensation is dependent upon the establishment of a causal relationship between the allowed conditions themselves and the requisite degree of disability. * * * In this case, it is undisputed that Wright's pneumoconiosis independently prevents him from engaging in sustained remunerative employment.
 Nevertheless, the existence of a causal relationship between an allowed condition and an inability to perform sustained remunerative employment is not always determinative of the claimant's eligibility for PTD compensation. In a limited sense, a claimant's pre-PTD voluntary abandonment of the labor force can be perceived as an intervening act that breaks the nexus between an allowed condition and PTD. Thus, in State ex rel. Baker Material Handling Corp. v. Indus. Comm. (1994), 69 Ohio St.3d 202 * * * paragraph two of the syllabus, we held, "An employee who retires prior to becoming permanently and totally disabled is precluded from eligibility for permanent total disability compensation only if the retirement is voluntary and constitutes an abandonment of the entire job market." Id. at 110-111. (Citations omitted.)
See, also, State ex rel. Chrysler Corp. v. Indus. Comm. (1991),62 Ohio St.3d 193, 195-196; State ex rel. LTV Steel Co. v. Indus. Comm. (1999), 85 Ohio St.3d 75, 79.
Based upon the above analysis, it is apparent that a claimant's retirement can be a separate and distinct issue as it relates to that particular claimant's eligibility for both TTD compensation and PTD compensation. The record contains evidence that relator retired so as to not lose his pension. As such, his retirement might have an impact on his eligibility for PTD compensation. Because the employer raised the issue at the hearing before the SHO, it is equally clear that the commission abused its discretion when it did not address the issue. As such, the commission did not abuse its discretion when it invoked its continuing jurisdiction in the present case.
Relator also challenges the commission's scope of review in the event that this court concluded that the commission had properly invoked its continuing jurisdiction. In State ex rel. Sears Roebuck Co. v. Indus. Comm. (1981), 1 Ohio App.3d 132, 133, this court stated as follows:
 * * * When reconsideration is requested, the Industrial Commission has jurisdiction to reconsider and modify any aspect of the order from which reconsideration is sought. There is no statutory limitation to the jurisdiction of the Industrial Commission to modify any aspect of the award from which a timely motion for reconsideration is made, nor does any rule of the Industrial Commission so limit its discretion. The Industrial Commission, by virtue of a timely motion for reconsideration, retains discretion to modify or correct any part of the award and not just an aspect of the award designated by the applicant. * * *
Based on the foregoing, it is clear that once the commission's continuing jurisdiction is invoked in an order articulated with specific reasons therefore, the commission is vested with the authority to address any issues pertaining to the order in question. That would include the authority of the commission to vacate the underlying order as occurred in State ex rel Riter v. Indus. Comm. (2001), 91 Ohio St.3d 89.
Relator cites State ex rel. Crisp v. Indus. Comm. (1992),64 Ohio St.3d 507 in support; however, this case can be distinguished. In Crisp, the SHO did address the retirement issue in the commission's order denying the claimant's request for PTD compensation. In the time since Crisp was decided, the Ohio Supreme Court has also decided Baker Material Handling Corp. v. Indus. Comm (1994), 69 Ohio St.3d 202, which has changed the definition of voluntary retirement as it pertains to applications for PTD compensation.
Based on the foregoing, this magistrate concludes that relator has not demonstrated that the commission abused its discretion by exercising its continuing jurisdiction under R.C. 4123.52, and that the commission articulated a valid reason for exercising this continuing jurisdiction. Furthermore, res judicata does not apply in the present case to bar the commission from determining the effect, if any, of relator's retirement on his entitlement to PTD compensation. Lastly, the scope of the commission's authority extends to consideration of the merits of relator's PTD application. As such, this court should deny relator's request for a writ of mandamus.