DECISION
{¶ 1} Relator, Michael A. Cesa, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying relator's request for the authorization and payment of certain medical bills, and to *Page 2 
find that the treatment was reasonable and the medical bills should be paid. In the alternative, relator requests that the matter be remanded to the staff hearing officer after proper notice to the parties for redetermination.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) According to the magistrate's findings of fact, relator sustained a work-related injury in 1991. He began treating with Thomas Andosca, D.C. in 1992, eventually had disc excision surgery performed on his back due to worsening symptoms, and approximately six months post-surgery began seeing Dr. Andosca again because of ongoing back pain.
 {¶ 3} By letter dated October 15, 2003, the third-party administrator for the employer informed Dr. Andosca that no further medical bills would be paid. In response, Dr. Andosca authored a letter dated October 22, 2003 to relator's counsel, requesting that counsel file a motion concerning relator's treatment. The letter, set forth in {¶ 24 of the magistrate's decision, seeks payment for past treatment and for chiropractic care to continue as relator needs. On November 6, 2003, counsel submitted a motion seeking payment of Dr. Andosca's treatment and attached the doctor's October 22, 2003 letter, his treatment notes, and his invoices.
 {¶ 4} In sending notice to the parties prior to the hearing before the district hearing officer, the commission framed the issue to be heard: "Payment Of Bill — PAY FOR TREATMENT BY DR. ANDOSCA 7/23/03 TO 10/01/03[.]" Relying on a report from *Page 3 
John C. Radabaugh, Jr., the district hearing officer denied the request for payment of bills for treatment.
 {¶ 5} Relator appealed, and a staff hearing officer heard the matter on March 15, 2004. Again, the notice indicated the issue to be payment for treatment Dr. Andosca rendered from July 23, 2003 to October 1, 2003. The staff hearing officer vacated the district hearing officer's order and granted relator's request for payment of bills and treatment, including continuing treatment. The employer, Norwalk Furniture Corp., filed an appeal contending the staff hearing officer exceeded his jurisdiction by ordering treatment for a time period that was not at issue, but the employer's appeal was refused.
 {¶ 6} The employer then filed a motion for reconsideration asserting a clear mistake of law. The employer contended relator's motions requested payment for treatment rendered during the closed period from July 23, 2003 to October 1, 2003. Coupling that assertion with the hearing officers' notices directed only to the closed period, the employer asserted it was not aware that treatment beyond October 1, 2003 was at issue before the hearing officers.
 {¶ 7} The commission granted the employer's request for reconsideration, finding a mistake of law because the staff hearing officer acted without jurisdiction in addressing treatment beyond October 1, 2003. Exercising its continuing jurisdiction, the commission vacated the order of the staff hearing officer and denied relator's request for payment of both Dr. Andosca's past invoices and any future treatment.
 {¶ 8} Given those facts, the magistrate concluded "that, to the extent that the commission exercised its continuing jurisdiction and denied relator's request for payment *Page 4 
of bills and treatment through October 1, 2003, the commission has abused its discretion because the commission lacked continuing jurisdiction to reconsider this closed period, as the only clear mistake of law concerned notice relative to treatment and payment of bills beyond October 1, 2003." (Magistrate's Decision, {¶ 40.) Accordingly, the magistrate determined a limited writ should issue ordering the commission to vacate its October 6, 2004 order and reinstate the March 15, 2004 order of the staff hearing officer to the extent it granted payment and treatment for the closed period July 23, 2003 to October 1, 2003. The employer filed objections to the magistrate's decision:
 [I.] The Magistrate erred when finding that Relator was seeking payment of bills for treatment as well as continuing treatment. The Magistrate further erred when finding that the Industrial Commission did not have continuing jurisdiction to modify the portion of the SHO Order addressing all treatment that was subject to the SHO Order.
 [II.] Further, the Magistrate erred when finding that Relator should be permitted to file a new motion seeking authorization of treatment and payment of medical bills to Dr. Andosca beyond October 1, 2003.
The Industrial Commission also filed objections:
 [I.]The Commission did not abuse its discretion when it exercised its continuing jurisdiction and addressed an issue not raised by Norwalk Furniture Corp.
 [II.] [A] limited writ should not be granted ordering the Commission to reconsider Cesa's request for treatment after October 1, 2003 because he has an adequate remedy at law and it would be an improper use of mandamus.
 {¶ 9} Because the objections are interrelated, we address them jointly. They initially contend the magistrate improperly determined that the commission wrongly vacated the entire order when the employer's request for reconsideration addressed only *Page 5 
the lack of notice for continuing treatment beyond October 1, 2003. In support, the commission cites this court's opinion in State ex rel.Sears, Roebuck Co. v. Indus. Comm. (1981), 1 Ohio App.3d 132.
 {¶ 10} In that case, the claimant sought permanent partial disability for one-half loss of the left thumb due to ankylosis, a one-third loss of the second finger due to ankylosis, and an additional 14 percent permanent partial disability. The commission granted the request, and the employer filed a request for reconsideration, seeking only that the portion of the commission's order granting claimant an award for one-half loss of the left thumb be vacated. After a hearing on relator's application for reconsideration, the commission modified the decision by vacating the awarded compensation for one-half loss of the left thumb because claimant did not have complete ankylosis of the thumb. The commission, however, also increased the award of permanent partial disability from 14 percent to 20 percent and affirmed the ankylosis award for injury to the second finger.
 {¶ 11} On mandamus to this court, Sears Roebuck contended the commission abused its discretion in going beyond the scope of the application for reconsideration. Rejecting that contention, this court stated that the "[j]urisdiction of the Industrial Commission to reconsider an award granted pursuant to R.C. 4123.57 is not limited to only those parts of the award specified in the motion. When reconsideration is requested, the Industrial Commission has jurisdiction to reconsider and modify any aspect of the order from which reconsideration is sought." Id. at 133. The court noted "no statutory limitation to the jurisdiction of the Industrial Commission to modify any aspect of the award from which a timely motion for reconsideration is made" or "any rule of the *Page 6 
Industrial Commission" that so limits its discretion. Id. "The Industrial Commission, by virtue of a timely motion for reconsideration, retains discretion to modify or correct any part of the award and not just an aspect of the award designated by the applicant." Id.
 {¶ 12} While we agree with the commission's general proposition of law, the issue before us is slightly different. The question raised in the motion for reconsideration was whether the parties were given the appropriate notice regarding the issues to be determined in the hearing before the district hearing officer. Because both notices indicated only a closed period of reimbursement, neither party was appropriately notified of the issues to be determined in the hearings before the district and staff hearing officers.
 {¶ 13} While the motion for reconsideration recognized an error of law to be corrected, the error could not be corrected simply by the commission's changing the decision, as the requisite notice still had not been issued. Rather, on finding a clear mistake of law, the commission should have issued a new notice with an opportunity for the parties to conduct a hearing pursuant to that notice. Because the commission did not do so, it deprived the parties of the opportunity to litigate fully after proper notice of the issues to be considered.
 {¶ 14} Although the employer may suggest that, at this point, it has suffered no prejudice from the commission's failure to issue the appropriate notices prior to hearing, relator never received appropriate notice: the notice for the hearings before the district and staff hearing officers purportedly were limited to a closed period of reimbursement, and the motion for reconsideration suggested controversy only concerning the period *Page 7 
beyond October 1, 2003. As a result, at none of the hearings was relator put on notice of the issues to be considered and determined.
 {¶ 15} The employer alternatively contends no additional notice is required because the notice accurately reflected relator's motion that sought reimbursement only for the closed period ending October 1, 2003. The claimant's C-84, however, requests that the "employer pay for treatment by Dr. Andosca." Attached is a letter from Dr. Andosca that requests a motion for "treatment rendered to be paid and for chiropractic care to continue as needed by the patient." Accordingly, we agree with the magistrate that the motion requested more than a closed period of reimbursement for treatment previously rendered.
 {¶ 16} Finally, both the employer and the commission object to the magistrate's suggestion that relator be permitted to file a new motion seeking authorization of treatment and payment of medical bills. While we agree that the magistrate's suggested limited writ is not appropriate, we also cannot agree with the objectors' suggestions. Rather, the commission must issue a new notice indicating to both parties the issues to be determined, it must conduct a hearing on those issues, and then it must render a decision subject to review as provided by law.
 {¶ 17} For the foregoing reasons, the objections are sustained in part and overruled in part.
 {¶ 18} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts. Accordingly, we adopt those as our own. We modify the magistrate's conclusions of law to reflect those as set forth in resolving the *Page 8 
parties' objections, and we issue a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying relator's request for the authorization and payment of certain medical bills, to issue an appropriate notice to the parties concerning the issues to be determined in a hearing on relator's motion, to conduct the appropriate hearing, and to issue a decision granting or denying relator's requested relief.
Objections sustained in part and overruled in part; limited writgranted.
 FRENCH and McGRATH, JJ., concur. *Page 9 
 APPENDIX A IN MANDAMUS {¶ 19} Relator, Michael A. Cesa, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio *Page 10 
("commission") to vacate its order which denied relator's request for the authorization and payment of certain medical bills and ordering the commission to find that the treatment was reasonable and the medical bills should be paid. In the alternative, relator requests that the matter be remanded to the staff hearing officer ("SHO") after proper notice to the parties for redetermination.
Findings of Fact: {¶ 20} 1. Relator sustained a work-related injury on April 5, 1991, and his claim was ultimately allowed for the following conditions: "LEFT SACROILIAC SPRAIN, LUMBAR SPRAIN, HERNIATED DISC L4-5, HERNIATED DISC L5-S1; LUMBAR RADICULOPATHY."
 {¶ 21} 2. Relator initially treated with Thomas Andosca, D.C. In 1992, relator's symptoms worsened. Relator eventually had disc excision surgery performed on his back.
 {¶ 22} 3. Beginning approximately six months post-surgery, relator began seeing Dr. Andosca again because of ongoing pain in his back.
 {¶ 23} 4. By letter dated October 15, 2003, the third-party administrator for the employer, Norwalk Furniture Corp., informed Dr. Andosca that further medical bills would not be paid.
 {¶ 24} 5. In response to that letter, Dr. Andosca authored a letter, dated October 22, 2003, and addressed to relator's counsel requesting that counsel would need to file a motion relative to relator's treatment. That letter provides, in pertinent part, as follows: *Page 11 
 * * * Please file a motion for treatment rendered to be paid and for chiropractic care to continue as needed by the patient.
 I have also enclosed our most recent billing forms and office notes on Michael, along with the denial letter. * * *
 {¶ 25} 6. Dr. Andosca's treatment notes indicate that he had been treating relator approximately every two weeks and that relator continues to have lumbar pain with some discomfort in his right leg. Dr. Andosca also submitted invoices totaling $150 for chiropractic visits from July 23, 2003 through October 1, 2003.
 {¶ 26} 7. On November 6, 2003, counsel submitted a motion on behalf of relator seeking the payment of Dr. Andosca's bills as well as treatment and submitted the October 22, 2003 report from Dr. Andosca as well as his treatment notes and his invoices.
 {¶ 27} 8. Notice was sent to the parties prior to the hearing before the district hearing officer ("DHO") indicating that the following issue was to be heard:
 Payment Of Bills — PAY FOR TREATMENT BY DR. ANDOSCA 7/23/03 TO 10/01/03[.]
 {¶ 28} 9. Relator was examined by John C. Radabaugh, Jr., on December 4, 2003. In his report dated December 6, 2003, Dr. Radabaugh interviewed relator and examined him. Dr. Radabaugh concluded that, despite the fact that relator continues to have pain, that further chiropractic treatment is neither necessary nor appropriate because there has been no treatment withdrawal to indicate therapeutic effectiveness of this passive modality. In his opinion, Dr. Radabaugh opined that treatment should be necessary for no longer than 11 months and that, although supportive care is not *Page 12 
uncommon in such situations, support of care can only be considered when there has been extended periods of treatment withdrawal.
 {¶ 29} 10. Relator's motion was heard before a DHO on November 6, 2003, and resulted in an order denying the request for the payment of bills and for treatment based upon the December 6, 2003 report of Dr. Radabaugh.
 {¶ 30} 11. Relator appealed and the matter was heard before an SHO on March 15, 2004. Again, the notice that was sent to the parties indicated that the issue to be considered was the payment of bills and for treatment by Dr. Andosca from July 23, 2003 to October 1, 2003.
 {¶ 31} 12. Relator submitted the February 11, 2004 letter of Dr. Andosca which was drafted in response to Dr. Radabaugh's report. Dr. Andosca criticized Dr. Radabaugh's "arbitrary set of guidelines that does not reflect the severe nature of this patient's herniated disc condition." Dr. Andosca stated that, because of his continued treatment of relator, relator has been able to continue working. Further, Dr. Andosca noted that relator has a significant percentage of permanent partial disability as a result of this allowed injury and that patients who have had lumbar disc operations commonly experience some permanent pain and lumbar instability and continue to need care so that they can continue to work and function.
 {¶ 32} 13. The SHO vacated the prior DHO order and granted relator's request for the payment of bills and for treatment as follows:
 It is the finding of the Staff Hearing Officer that chiropractic care with Dr. Andosca is granted and approved at a maximum of two office visits per month up until today's date of hearing *Page 13 
and continuing at this time. The bills shall be paid per BWC medical guidelines.
 The basis for this decision is the office notes from Dr. Andosca from 2003 and the narrative chiropractic report from Dr. Thomas Andosca dated 2/11/2004.
 The injured worker testified he is currently working full time for a different employer and needs an additional chiropractic treatment to maintain his activity in the workforce.
 All relevant evidence was reviewed and considered including the report from Dr. Radabaugh.
 {¶ 33} 14. Thereafter, the employer filed an appeal arguing that the SHO had exceeded his jurisdiction by ordering treatment for a time period which was not at issue.
 {¶ 34} 15. By order mailed April 10, 2004, the employer's appeal was refused.
 {¶ 35} 16. Thereafter, the employer filed a motion for reconsideration asserting a clear mistake of law. Specifically, the employer asserted that relator's motion only requested payment of bills for treatment previously rendered by Dr. Andosca "for the closed period July 23, 2003 to October 1, 2003. The employer asserted that, based upon the notice which was sent by the commission, the employer was not aware that any treatment beyond October 1, 2003, was requested by relator or that it was going to be contemplated by the SHO.
 {¶ 36} 17. The commission granted the employer's request for reconsideration and found that the SHO acted without jurisdiction in addressing treatment beyond October 1, 2003. As such, the commission concluded that there was a mistake of law and exercised its continuing jurisdiction. Thereafter, the commission vacated the prior SHO order and denied the request for payment of Dr. Andosca's invoices as well as any treatment. The *Page 14 
commission relied upon Dr. Radabaugh's report. Commissioner Gannon dissented from the commission's order based upon the fact that relator's motion did not cite any specific ending date as to the period of treatment requested and that the letter from Dr. Andosca requested that counsel "please file a motion for treatment rendered to be paid and for chiropractic care to continue as needed by the patient." Commissioner Gannon did acknowledge that the notice sent by the commission gave the impression that relator was only seeking a closed period of treatment but noted that, at most, even if it was appropriate to grant the employer's request for reconsideration based upon the faulty notice sent by the commission, the only proper remedy would be to remand the matter for a new hearing after proper notice is sent to the parties.
 {¶ 37} 18. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 38} As more fully explained below, it is this magistrate's conclusion that this court should issue a writ of mandamus.
 {¶ 39} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In State ex rel.B C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538, 541-542, the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:
 R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is *Page 15 
not unlimited. See, e.g., State ex rel. Gatlin v. Yellow Freight System, Inc. (1985), 18 Ohio St.3d 246 * * * (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979), 58 Ohio St.2d 132 * * * (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159 * * * (continuing jurisdiction exists when prior order is clearly a mistake of fact); State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164 * * (commission has continuing jurisdiction in cases involving fraud); State ex rel. Manns v. Indus. Comm. (1988), 39 Ohio St.3d 188 * * * (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85 * * (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. * * *
 {¶ 40} Upon review of the record, two things are clear: (1) relator was seeking the payment of bills for treatment as well as continuing treatment by Dr. Andosca; (2) the notice sent by the commission incorrectly indicated that relator was seeking a closed period of payment and treatment. Because due process requires that parties receive actual notice of the issues to be addressed, it is apparent that the commission sent out improper notice in this case. The employer was only given notice that relator was seeking a closed period of payment and treatment. To the extend that the SHO determined that relator's treatment and the payment for such was justified pursuant to Dr. Andosca's treatment notes and his report, the commission did not have continuing jurisdiction to modify that portion of the SHO's order to which all of the parties had notice. The only clear mistake of law concerned notice relative to treatment and the payment of bills beyond October 1, 2003. Therefore, this magistrate concludes that, to the extent that the *Page 16 
commission exercised its continuing jurisdiction and denied relator's request for payment of bills and treatment through October 1, 2003, the commission has abused its discretion because the commission lacked continuing jurisdiction to reconsider this closed period. As such, the commission's order denying relator the payment of bills and treatment through October 1, 2003 should be vacated and the prior SHO order which awarded relator the payment of bills and treatment at least through October 1, 2003 should be reinstated. Further, because the commission sent an improper notice in this case, relator should be permitted to file a new motion seeking the authorization of treatment and payment of medical bills by Dr. Andosca beyond the October 1, 2003 period.
 {¶ 41} Based on the foregoing, it is this magistrate's conclusion that relator has demonstrated that he is entitled to a writ of mandamus because the commission abused its discretion in exercising its continuing jurisdiction to the extent that the commission vacated the entire SHO order. This court should issue a writ of mandamus ordering the commission to vacate its October 6, 2004 order and reinstate the March 15, 2004 SHO order to the extent that relator's request for the payment of bills and treatment through October 1, 2003 was granted. *Page 1