18

Todd, Appellant, *v.*
General Motors Corp. et al., Appellees.

[Cite as Todd v. General Motors (1981), 65 Ohio St. 2d 18.]

(No. 80-1224—Decided March 11, 1981.)

"****

*Mr. John R. Workman,* for appellant.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Russell P. Herrold, Jr.,* and *Mr. Robert A. Minor,* for appellee General Motors.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon H. Basch,* for appellee Industrial Commission.

CLIFFORD F. BROWN, J. Pursuant to R. C. 4121.35(B)(6), the decision of the staff hearing officers allowing appellant's workers' compensation claim for certain additional conditions was a decision of the Industrial Commission. In *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224, paragraph one of the syllabus, this court articulated the well-established principle that an administrative board or agency has jurisdiction to reconsider its decisions until the actual institution of a court appeal therefrom or until expiration of the time for appeal. See, also, *Diltz* v. *Crouch* (1962), 173 Ohio St. 367. In *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120, the court determined that the principles enunciated in *Diltz* v. *Crouch, supra,* conferred jurisdiction on the Industrial Commission to vacate its appealable decisions and to order claims set for hearing before it until the actual institu-

tion of an appeal or the expiration of the 60-day appeal period provided in R. C. 4123.519.

The commission, when issuing its order for a rehearing, acted within the 60-day period of continuing jurisdiction recognized by this court. *State, ex rel. Prayner, supra.* Thus, this is not a case involving usurpation of judicial or quasi-judicial power by a court or officers. Such usurpation is a necessary element for a writ of prohibition to issue. *State, ex rel. Rockwell Internat.,* v. *Ford* (1980), 61 Ohio St. 2d 234.

Nor is this a case in which an adequate remedy at law is unavailable. The order and decision of the Industrial Commission on rehearing will either deny or allow the claimant the right to participate in workers' compensation benefits for injuries to a specific part or parts of the body involving impairments of bodily functions on the basis that such were or were not the result of a compensable injury. Such decision and order is other than one as to the extent of disability and is therefore appealable pursuant to R. C. 4123.519.[2] *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386.

Ordinarily a writ of prohibition may not be sought as a substitute for an appeal. *State, ex rel. Heimann,* v. *George* (1976), 45 Ohio St. 2d 231.

The judgment of the Court of Appeals denying the writ of prohibition is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[2] R. C. 4123.519, in part, provides:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state."