THE STATE, EX REL. STANADYNE, INC., WESTERN DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Stanadyne, Inc., *v.* Indus. Comm. (1984), 12 Ohio St. 3d 62.]

(No. 83-721—Decided July 3, 1984.)

*Messrs. Schwartz, Einhart & Simerka* and *Mr. Gregory P. Szuter,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Bradley J. Finn,* for appellee Industrial Commission.

*Weiner, Orkin, Abbate & Suit Co., L.P.A.,* and *Ms. Carol D. Strassman,* for appellee Burkhard.

*Per Curiam.* This court has often stated that "* * * the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion." *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 16 [58 O.O.2d 70]. See, also, *State, ex rel. Griffin,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 264, 265 [24 O.O.3d 348]; *State, ex rel. Paragon,* v. *Indus. Comm.* (1983), 5 Ohio St. 3d 72, 74. An abuse of discretion is present only where there is no evidence upon which the commission could have based its factual conclusion. *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 167 [22 O.O.3d 400]; *State, ex rel. Kramer,* v. *Indus. Comm.* (1979), 59 Ohio St. 2d 39, 42 [13 O.O.3d 30].

Appellant contends that the commission abused its discretion when Burkhard's percentage of permanent partial disability was increased based upon the medical reports of Drs. Levine and Fierra. Specifically, appellant maintains that these reports cannot constitute evidence to support the com-

mission's order since the examining physicians included in their impairment evaluations a non-work related disc injury which plagues the claimant.

It is well-established that in order to be eligible for workers' compensation benefits, "* * * there must be a causal connection between an injury arising out of and in the course of a workers' employment and his harm or disability * * *." *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267, 270 [21 O.O.3d 168]. See, also, *Fox* v. *Indus. Comm.* (1955), 162 Ohio St. 569 [55 O.O. 472]. Contrary to appellant's contentions, however, the medical reports, upon which the increase in permanent partial disability benefits was predicated, consider only previously allowed conditions.

For example, Dr. Levine's report provides, in pertinent part:

"Mr. Burkhard is suffering from residuals of bilateral corneal burns. He has a chronic myofascitis involving the upper back, especially on the right side and he suffers from residuals of an injury to his right knee with pain, stiffness and swelling of the knee. He has a permanent partial disability of 45% of the body as a whole resulting from his multiple injuries."

It is noteworthy that nowhere in this report is there any mention of the fact that the degeneration of a particular disc is attributable to the claimant's disability. Likewise, Dr. Fierra's report, which, on its face, evaluates only those conditions previously recognized by the commission, makes no mention, whatsoever, of any disc-related disability in concluding that a five percent increase in permanent partial disability was present.

Accordingly, we conclude that the commission was entitled to rely upon the reports of Drs. Levine and Fierra. Cf. *State, ex rel. Questor Corp.,* v. *Indus. Comm.* (1982), 70 Ohio St. 2d 240 [24 O.O.3d 334]. Moreover, as cogently recognized by the court of appeals, if appellant was concerned about whether the conclusions of Drs. Levine and Fierra were predicated, in part, upon a non-work related injury, then a request could have been made to take the depositions of these physicians. See Ohio Adm. Code 4121-3-09(B)(5).[1] The record demonstrates, however, that such a request was not made.

---

[1] Ohio Adm. Code 4121-3-09(B) provides, in part, as follows:

"(5)  Procedure for obtaining the deposition of an examining physician.

"(a)  A request to take the deposition or submit interrogatories of a physician who has examined an injured or disabled worker for the purpose of estimating a percentage of permanent partial disability or permanent total disability must be filed in writing in duplicate within ten days from the receipt of the examining physician's report.

"(b)  The request must set out the reasons for the request and affirm that the applicant will pay all costs of the deposition or interrogatories including the payment of a reasonable fee to the physician and will furnish a copy of the deposition or the interrogatory to the opposing party and to the file.

"(c)  A copy of the request will be mailed to the opposing party by the permanent partial division. The opposing party has ten days from receipt of the request to file an answer.

"(d)  Following the receipt of the answer or the expiration of twenty days from the mailing of the copy of the request, an attorney designated by the legal director of the industrial commission, if the attorney finds that the request is a reasonable one, shall arrange for the taking of the deposition or interrogatories. If the attorney does not find sufficient reasons to grant the re-

Therefore, since the commission's decision is in accordance with the evidence upon which it was entitled to rely in increasing the percentage of permanent partial disability, an abuse of discretion has not been demonstrated and the decision will not be disturbed.

For the foregoing reasons, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.

---

quest, a hearing with notice to all parties and their representatives will be scheduled to consider the request.

"(e) At the hearing, by agreement of the parties, interrogatories may be substituted for the deposition.

"(f) If, at the hearing, it is found that the request is not reasonable or that the opposing party is willing to stipulate the information sought, the hearing officer shall deny the request stating the reason for the denial and refer the claim for processing of the application pending in the file.

"(g) The motion shall be overruled when the purpose for seeking the deposition was one of harassment.

"(h) If it is determined that the request is a reasonable one, the hearing officer shall grant the request and the C-92 or C-92-A or the application for permanent total disability shall not be processed until the deposition or interrogatory is in the file or until a reasonable time for filing has elapsed. The hearing officer shall arrange the time and place for taking the deposition or submission of interrogatories.

"(i) The party seeking the deposition may request that a subpoena be issued to secure the attendance of the physician.

"(ii) If a witness who has been issued a subpoena fails to appear, the hearing officer shall certify this fact to the office of the attorney general who shall take appropriate action to compel the witness to obey the subpoena.

"(iii) The applicant shall furnish the opposing party and the industrial commission with a copy of the deposition or the completed interrogatories. The applicant shall also furnish the industrial commission with proof of payment of the court reporter and the physician."