THE STATE, EX REL. GATLIN, APPELLANT, *v.* YELLOW FREIGHT SYSTEM, INC. ET AL., APPELLEES.

[Cite as State, ex rel. Gatlin, *v.* Yellow Freight System, Inc. (1985), 18 Ohio St. 3d 246.]

(No. 84-961—Decided July 17, 1985.)

*Joseph A. Marchese,* for appellant.

*Eugene P. Weiss,* for appellee Yellow Freight System, Inc.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Douglas M. Kennedy,* for appellee Industrial Commission.

CELEBREZZE, C.J. The thrust of our decision in *Mitchell, supra,* involved this court's concern that "[c]laimants and employers alike, who appear before the commission, are frequently informed that requested benefits are either being granted or denied based on 'the evidence in the file and/or the evidence adduced at the hearing.' " *Id.* at 483. Accordingly, the commission was ordered to henceforth specifically state which evidence was relied upon, accompanied by a brief explanation stating why a claimant is or is not entitled to "benefits." *Id.* at 483-484.

A careful review and examination of *Mitchell* reveals that we intended it to apply to orders of district hearing officers, regional boards of review and the commission itself, pertaining to the grant or denial of benefits. The order of the commission in the case at bar is not a final order pertaining to the grant or denial of benefits. Rather, it is more akin to an interlocutory order to which the requirements of *Mitchell* do not apply. Following acceptance of an application for reconsideration the commission will eventually proceed to issue a final order affecting the payment of benefits. It is this final order which must then set forth with specificity the elements required in *Mitchell*.

Accordingly, the court of appeals erred in granting the writ based on the Industrial Commission's non-compliance with *Mitchell*.[4]

The primary issue in this case is whether the commission possessed the requisite jurisdiction to reconsider its order dated March 16, 1983.[5] Appellees contend that the commission is vested with continuing jurisdiction to reconsider prior awards pursuant to R.C. 4123.52, which provides, in part: "The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."[6]

---

[4] Even if *Mitchell's* holding were applicable, we have expressly declined to apply *Mitchell* retroactively. *State, ex rel. Hudson,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 169, 171, at fn. 1. See, also, *State, ex rel. Burdette,* v. *Dayton Walther Corp.* (1984), 14 Ohio St. 3d 29, 31; *State, ex rel. Woodard,* v. *Frigidaire* (1985), 18 Ohio St. 3d 110, 113, at fn. 1.

The *Mitchell* decision was decided September 7, 1983, while the reconsideration order which is the subject of the instant action predated *Mitchell* by nearly four months. In accordance with *State, ex rel. Hudson, supra,* and its progeny, the court of appeals erred in applying *Mitchell* retroactively to the commission's order.

[5] " 'On an appeal as a matter of right from a judgment of the Court of Appeals in an action for an extraordinary writ, the Supreme Court will review the judgment as if the action had been originally filed in this court.' " *State, ex rel. Halloran,* v. *Zapatony* (1984), 15 Ohio St. 3d 73, at fn. 2; *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 2, at fn. 1; *State, ex rel. Taylor,* v. *Glasser* (1977), 50 Ohio St. 2d 165, 166-167 [4 O.O.3d 367].

[6] On numerous occasions this court has examined the parameters of R.C. 4123.52 and its predecessor, G.C. 1465-86. See, *e.g., State, ex rel. Weimer,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 159 [16 O.O.3d 174]; *State, ex rel. Bd. of Edn.,* v. *Johnston* (1979), 58 Ohio St. 2d 132 [12 O.O.3d 128]; *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27 [42 O.O. 117]; *State, ex rel. Griffey,* v. *Indus. Comm.* (1932), 125 Ohio St. 27; *State, ex rel. Kilgore,* v. *Indus. Comm.* (1930), 123 Ohio St. 164; *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389. A reading of the aforementioned cases demonstrates that the commission's authority under R.C. 4123.52 to make changes or modifications to prior orders is not unlimited. Instead, and in order to provide some degree of finality to an order of the commission, this court has heretofore construed R.C. 4123.52 as authorizing a modification in cases such as where: (1) conditions have changed subsequent to the initial award (*State, ex rel. Bd. of Edn.,* v. *Johnston, supra*); and (2) the award was obtained fraudulently (*State, ex rel. Kilgore,* v. *Indus. Comm., supra*); or (3) in those instances where a clerical error affected the award (*State, ex rel. Weimer,* v. *Indus. Comm., supra*).

Several sections within the Revised Code, as well as the Ohio Administrative Code, address the subject of reconsiderations before the Industrial Commission, although none are expressly applicable to the case at bar.[7] In spite of these opportunities to obtain further administrative review, no published procedure exists to obtain reconsideration of an order pertaining to temporary total compensation. This is in part because the action is not appealable to the court of common pleas under R.C. 4123.519, since the question concerns the claimant's extent of disability and not his right to participate in the workers' compensation scheme. See *Gilbert* v. *Midland-Ross* (1981), 67 Ohio St. 2d 267 [21 O.O.3d 168]; *Hospitality Motor Inns* v. *Gillespie* (1981), 66 Ohio St. 2d 206 [20 O.O.3d 209]. See, also, fn. 2, *supra*.

We have previously allowed the commission to reconsider its orders absent a statutory or regulatory provision contra, "until the actual institution of an appeal therefrom or until the expiration of the time for such an appeal [under R.C. 4123.519]." *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120, 121 [31 O.O.2d 192]. See, also, *Todd* v. *General Motors* (1981), 65 Ohio St. 2d 18 [19 O.O.3d 195].[8] The rationale for authorizing reconsiderations, even absent express statutory authority, was stated in *Todd* at 19 as follows:

"In *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224 [57 O.O.2d 464], paragraph one of the syllabus, this court articulated the well-established principle that an administrative board or agency has jurisdiction to reconsider its decisions until the actual institution of a court appeal therefrom or until expiration of the time for appeal. See, also, *Diltz* v. *Crouch* (1962), 173 Ohio St. 367 [19 O.O.2d 312]." Cf. *Indus. Comm.* v. *Dell* (1922), 104 Ohio St. 389, paragraph one of the syllabus.

The facts presented in the case at bar highlight a heretofore unchallenged but recurring practice; that is, the commission has long granted reconsiderations without express statutory authority or administrative rules, and absent the availability of an appeal under R.C. 4123.519. See,

---

[7] For example, R.C. 4123.57, setting forth requirements for partial disability compensation, provides in division (B) for reconsideration within "ten days after the date of receipt of the decision of the district hearing officer * * *." The present case, however, does not involve partial disability compensation. In addition, a decision of a staff hearing officer for the commission made pursuant to R.C. 4121.35(B)(1) through (4) may be appealed to the commission under R.C. 4121.35(C).

Another avenue for reconsideration is afforded under Ohio Adm. Code 4121-3-20(G) pertaining to orders from claims for violations of specific safety requirements.

Again, the instant cause does not embrace any of these express grants.

[8] The *Todd* syllabus holds:

"The decision of staff hearing officers made pursuant to R.C. 4121.35(B)(6), on an appeal to the Industrial Commission taken under R.C. 4123.516 from the order of a regional board of review, may be vacated by the commission and the matter may be ordered set for rehearing before the commission until actual institution of a court appeal or the expiration of the 60-day appeal period provided in R.C. 4123.519."

*e.g., State, ex rel. Stanadyne, Inc.,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 62; *State, ex rel. Manley,* v. *Indus. Comm.* (1981), 66 Ohio St. 2d 40 [21 O.O.3d 25]; *State, ex rel. Republic Steel,* v. *Indus. Comm.* (1980), 61 Ohio St. 2d 193 [15 O.O.3d 216]. Inasmuch as staff hearing officers frequently decide matters on behalf of the commission, see R.C. 4121.35(B), the commission occasionally seeks to review those decisions upon request by either party for reconsideration.

In resolving this jurisdictional dilemma, we again note the following language from this court in *Indus. Comm.* v. *Dell, supra,* at 396-397:

"* * * The commission should be held to have inherent power to prevent the misappropriation or the misapplication of the insurance fund to claimants who are afterwards found not to be entitled thereto. The state insurance fund is in the nature of a trust fund and it is the duty of the commission to impartially distribute the same among persons entitled thereto and not permit the fund to be depleted or become the object of fraud or imposition, and it being clearly their moral and legal duty to correct any mistake or fraud or imposition which will result in a misapplication or misappropriation of any part of the fund the law should not be so construed, even in case of ambiguity, neither should the legislature be held to have intended to enact any provisions which would in any manner hamper or interfere with the members of the commission in their efforts to properly protect the fund." (Quoted with approval in *State, ex rel. Koonce,* v. *Indus. Comm.* [1985], 18 Ohio St. 3d 60, at fn. 2; *State, ex rel. Weimer,* v. *Indus. Comm.* [1980], 62 Ohio St. 2d 159, 161 [16 O.O.3d 174].)

Appellant recognizes this inherent authority to reconsider, but contends that since the subject cause involves a degree of disability which is not appealable, the commission was powerless to reconsider its order within sixty days. Stated otherwise, appellant submits that since no appeal was available to the employer under R.C. 4123.519, reconsideration, as authorized in *Prayner* and *Todd,* was not available to the commission in this case. We disagree. If an administrative agency has the inherent power to reconsider an order prior to an appeal or the expiration of time for perfecting an appeal, that agency also has the inherent power to reconsider an order for a reasonable period of time where no appeal is statutorily provided.

Although we recognize the commission has not enacted rules pertaining to its reconsideration jurisdiction in such cases, this court in *Todd* reasoned that the sixty-day limitation for appeals under R.C. 4123.519 represented the maximum time period for exercising reconsideration. In this case, the employer herein sought reconsideration within several days of its receipt of the commission's order which would certainly be within a reasonable period of time absent written procedures or rules contrary.[9]

We conclude that regardless of the existence of a legislatively

---

[9] The staff hearing officers' decision was received by Yellow Freight's counsel on April 13, 1983 and its notice of appeal was promptly filed April 15, 1983.

prescribed court appeal, the Industrial Commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative regulations restricting the exercise of reconsideration.

To avoid future actions concerning what constitutes a reasonable period of time to apply for reconsideration and how to perfect such a review, we encourage the commission, in the interest of fairness to claimants and employers, to forthwith promulgate rules pursuant to its rulemaking powers under R.C. 4121.11. Accord *Williams* v. *Moody's of Dayton* (1982), 1 Ohio St. 3d 238, 241; *State, ex rel. General Motors,* v. *Indus. Comm.* (1976), 47 Ohio St. 2d 244, 253 [1 O.O.3d 141].[10]

Accordingly, the judgment of the court of appeals is reversed and the writ of mandamus is denied.

*Judgment reversed*
*and writ denied.*

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[10] Appellant also contends that it was an abuse of discretion for the commission to construe Yellow Freight's "appeal" as an "application for reconsideration." We find this contention without merit. As we previously observed, the commission has not promulgated rules concerning how or when to perfect reconsideration in such cases. "* * * [W]e have on numerous occasions held that technical rules of procedure should not be allowed to defeat an otherwise valid claim under the Workers' Compensation Act. *W.S. Tyler Co.* v. *Rebic* (1928), 118 Ohio St. 522; *Kaiser* v. *Indus. Comm.* (1940), 136 Ohio St. 440 [17 O.O. 22]; *Toler* v. *Copeland Corp.* (1983), 5 Ohio St. 3d 88." *State, ex rel. Dillon,* v. *Dayton Press, Inc.* (1983), 6 Ohio St. 3d 295. This is especially true when, as in the instant case, such procedures do not exist. More importantly, the commission's form that was utilized (I-12) provided notice that Yellow Freight was seeking further administrative review and appellant has not alleged, nor do we perceive, any prejudice resulting from this defectively captioned notice.