JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, The Lamson Sessions Company ("Lamson"), appeals from the trial court order and findings of fact and conclusions of law, which found that the Industrial Commission had jurisdiction to consider the claim for an additional allowance under the ten-year statute of limitations period contained in R.C. 4123.52, filed by plaintiff-appellee/cross-appellant, Daymon L. Sutphin ("Sutphin"). Sutphin cross-appeals asserting that the trial court erred by remanding the matter to the Industrial Commission rather than hearing his claim on the merits. For the reasons that follow, we affirm.
 {¶ 2} The parties filed joint stipulations, which included the following pertinent facts: Sutphin sustained a work-related injury on August 21, 1991 while employed with Lamson. At that time, Lamson was self-insured for Workers' Compensation purposes. Lamson acknowledged Sutphin's injury as "Painful Knee Thigh" and, after receipt of medical records, further acknowledged the injury for the diagnosis of "Tear medial meniscus right knee." Lamson paid Sutphin's bills, that included payments as follows: Yellow Cab (transportation to emergency room) paid September 27, 1991; P.T. Hergenroeder, M.D., paid November 14, 1991; St. Vincent Hospital (2 bills) paid November 14, 1991; and Central Radiologists paid November 14, 1991.
 {¶ 3} No claim for this medical-only claim was filed with the Bureau of Workers' Compensation ("BWC") at that time. No further medical treatment, *Page 4 
nor billings for such, nor requests for compensation were received until March 10, 1998.
 {¶ 4} Lamson sold its facility to Iochpe-Maxion Ohio, Inc. in 1994, ending Sutphin's employment with Lamson.
 {¶ 5} On February 21, 1998, Dr. Hergenroeder sent a report to "Defendant" indicating a need for surgery for the recognized condition and subsequent periods of disability. A request for authorization to perform surgery and follow-up treatment was made on March 10, 1998. A BWC Form FROI-1[1] was completed by Sutphin and signed by the "employer" and filed with the BWC. Surgery was approved, and paid for voluntarily, by the Self-Insured "Defendant" without an order from the Industrial Commission.
 {¶ 6} The Self-Insured "Defendant" voluntarily paid Temporary Total Disability Compensation, without objection.
 {¶ 7} On March 6, 2003, Sutphin filed an Application for a Permanent Partial Disability Award, which resulted in the BWC issuing a Tentative Order, without hearing, awarding a six percent Permanent Partial Disability. Neither Sutphin nor Lamson appealed this order, and Lamson paid the appropriate award. *Page 5 
 {¶ 8} On March 23, 2005, Sutphin filed a motion with the BWC requesting additional allowance of his claim. Upon a denial by the self-insured defendant, the matter was referred to the Industrial Commission for hearing.
 {¶ 9} The issue of the Industrial Commission's jurisdiction pursuant to R.C. 4123.52 with regard to this claim was addressed at all scheduled hearings subsequently held before the Industrial Commission. Both the District Hearing Officer and the Staff Hearing Officer found that the Industrial Commission's jurisdiction had ended six years after the last payment of medical bills, paid on November 14, 1991.
 {¶ 10} Sutphin appealed to the trial court. The sole issue addressed by the trial court was whether the Industrial Commission had jurisdiction to hear Sutphin's claim for additional allowance filed in 2005.
 {¶ 11} The trial court held a hearing and accepted evidence from both parties. The trial court issued findings of fact and conclusions of law where it found that, because Lamson voluntarily made payments to Sutphin in 2003, the Industrial Commission had jurisdiction to hear the claim for additional allowance filed in 2005 pursuant to the 10-year limitations period of R.C. 4123.52. The court reasoned that "Lamson and Sessions subjected themselves to the longer limitations period by failing to challenge the disability payment, and thus the ten-year limitations period should apply ***." The court entered an *Page 6 
order in Sutphin's favor and remanded the claim to the BWC to make a determination on his claim for an additional allowance.
 {¶ 12} We address all of Lamson's assignments of error together as they all allege that the trial court erred by finding that the Industrial Commission had jurisdiction to hear Sutphin's claim for additional allowance.
 {¶ 13} "I. The trial court committed prejudicial error by improperly reversing the decision of the Industrial Commission, and finding that the Industrial Commission has jurisdiction over this action to determine if the additional allowance of degenerative joint disease right knee should be allowed or denied, pursuant to Ohio Revised Code Section 4123.52."
 {¶ 14} "II. The trial court committed prejudicial error finding that the provision of O.R.C. 4123.52 limiting the jurisdiction of the Industrial Commission over workers' compensation claims because six years elapsed without payment of medical bills' (sic) was not applicable to the case at bar."
 {¶ 15} "III. The trial court committed prejudicial error finding that the payments of temporary total disability and/or medical bills, beyond the six year statute of jurisdiction revived the continuing jurisdiction of the Industrial Commission over this matter."
 {¶ 16} The question raised by this appeal is whether R.C. 4123.52
operates as a jurisdictional bar to the Industrial Commission's exercise of continuing jurisdiction over specified claims regardless of whether a self-insured employer *Page 7 
has recognized and paid on an employee's claim that is made outside the jurisdictional parameters. Stated differently, do the administrative orders that were issued outside the six-year period of R.C. 4123.52
trigger the 10-year period of continuing jurisdiction of the commission? We find that because the orders remain in place and have never been vacated by the BWC, the commission, or a court of law, the 10-year period applies by operation of the statutory terms.
 {¶ 17} The version of R.C. 4123.52 applicable to this case[2]
provides:
 {¶ 18} "The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits after six years from the date of injury in the absence of the payment of medical benefits under this chapter, in which event the modification, change, finding, or award shall be made within six years after the payment of medical benefits, or in the absence of payment of compensation under section 4123.57,4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the *Page 8 
Revised Code, in which event the modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided the application is filed within the time limit provided in this section."
 {¶ 19} In this case, the parties have stipulated the BWC issued a tentative order in 2003 for permanent partial disability pursuant to R.C. 4123.57, which Lamson paid. R.C. 4123.52 confers continuing jurisdiction upon the commission for 10 years from the date of last payment of compensation under, inter alia, R.C. 4123.57.
 {¶ 20} While the parties seem to agree that the commission's jurisdiction over the medical-only claim expired in 1997, the fact remains that there has been no effort made nor any order issued that vacates the subsequently issued administrative orders, which implicate the 10-year period of limitations for an active claim. If the order was clearly a mistake of law, the commission has *Page 9 
continuing jurisdiction to address that matter. Sutphin concedes as much in his brief.
 {¶ 21} Although R.C. 4123.52 contains a broad grant of authority, "the commission's continuing jurisdiction is not unlimited." State ex rel. B C Machine v. Indus. Comm. (1992), 65 Ohio St.3d 538, 541. The commission's inherent authority to reconsider orders is subject to statutory and administrative restrictions. Id., citing State ex rel.Gatlin v. Yellow Freight System, Inc. (1985), 18 Ohio St.3d 246. "Continuing jurisdiction exists when prior order is clearly a mistake of law." Id., citing Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164.
 {¶ 22} "`[T]he industrial commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. *** where it is clear that this court would issue a writ of mandamus ordering the Industrial Commission to vacate, modify, or change a decision or order, the respondent Industrial Commission neither exceeds its authority or jurisdiction nor acts unlawfully nor abuses its discretion if it proceeds to make such correction that this court would clearly have ordered without awaiting either an action being filed in this court or a decision from this court if one be filed.'"
 {¶ 23} In this case, the BWC and commission found only that it did not have continuing jurisdiction to hear Sutphin's 2005 application for additional allowance. There is no explanation or authority as to why the commission simply disregarded the permanent partial order of 2003 and the payments made *Page 10 
in connection therewith. For this reason, we affirm the trial court's decision on the basis that the existence of the 2003 order and the compensation paid pursuant to it are sufficient to invoke the 10-year time period of R.C. 4123.52 and the continuing jurisdiction of the commission.
 {¶ 24} Appellant's assignments of error are overruled.
 {¶ 25} Sutphin cross-appeals complaining that the trial court "lacked jurisdiction" to remand this matter to the Industrial Commission and/or the BWC for further proceedings. However, where the commission's jurisdiction is the issue being addressed by the trial court on appeal from the commission, Ohio Supreme Court authority exists to support a remand to the Industrial Commission for consideration of an appellee's application for benefits. See Felske v. Daugherty (1980),64 Ohio St.2d 89. Accordingly, the cross-appeal is overruled.
Judgment affirmed.
It is ordered that appellee recover of said appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
MARY EILEEN KILBANE, P.J., and MARY J. BOYLE, J., CONCUR.
[1] First Report of Injury.
[2] State ex rel. Romans v. Elder Deerman Stores Corp.,100 Ohio St.3d 165, 2003-Ohio-5363,1J19-20. *Page 1