[Cite as *State ex rel. Old Dominion Freight Line, Inc. v. Indus. Comm.*, 2019-Ohio-4948.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel.
Old Dominion Freight Line, Inc.,      :

         :

       Relator,          :

         :

v.          No. 18AP-73

         :

Industrial Commission of Ohio,          (REGULAR CALENDAR)

         :

       Respondent.          :

         :

D E C I S I O N

Rendered on December 3, 2019

**On brief:** *Eastman & Smith Ltd., Mark A. Shaw and Kimberly S. Kondalski,* for relator.

**On brief:** [*Dave Yost*]*,* Attorney General, and *Sherry M. Phillips*, for respondent.

IN MANDAMUS
ON OBJECTION TO MAGISTRATE'S DECISION

BRUNNER, J.

{¶ 1} Relator, Old Dominion Freight Line, Inc. ("Old Dominion"), seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the July 29, 2017 order of its staff hearing officer ("SHO") denying Old Dominion's request that the commission exercise its continuing jurisdiction based on new and changed circumstances and ordering the commission to find that Old Dominion presented evidence of new and changed circumstances to warrant vacating the 2010 commission order that granted permanent total disability ("PTD") compensation to the claimant, Robert L. Mason. For the following reasons, we deny Old Dominion's request.

{¶ 2}    Old Dominion contends that new and changed circumstances have rendered the 2010 order granting Mason PTD compensation "fatally defective" and that the 2010 order should be vacated.  (Feb. 1, 2018 Compl. at ¶ 25-26.)  Old Dominion alleges that the commission's July 29, 2017 order that denied Old Dominion's motion requesting the commission to exercise continuing jurisdiction under R.C. 4123.52 and to vacate the 2010 order based on new and changed circumstances—namely, the disallowance of a previously allowed psychological condition—"is inadequately explained, unsupported by some evidence, contrary to the law and facts, and is an abuse of discretion to the extent that discretion is authorized."  (Compl. at ¶ 27.)

{¶ 3}    In accord with Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate of this Court who issued on November 2, 2018 the attached decision, which included findings of fact and conclusions of law. As is more fully stated in the decision, the magistrate found that the commission properly determined there were no new and changed circumstances sufficient to justify its exercise of continuing jurisdiction given the facts of this case.  The magistrate thereby concluded that the commission had acted within its discretion when it denied Old Dominion's request that the commission exercise continuing jurisdiction under R.C. 4123.52 and that the record contained some evidence in support of the commission's denial.  Thus, the magistrate has recommended that we deny Old Dominion's request for a writ of mandamus.  We agree it is appropriate to do so and explain our reasons.

{¶ 4}    Old Dominion timely filed an objection to the magistrate's decision:

> The Magistrate erred in failing to find that new and changed circumstances exist which require the Commission to exercise its continuing jurisdiction under R.C. §4123.52, vacate the SHO order granting Mason's application for PTD compensation, and remand the application to the Commission for further hearing.

(Nov. 16, 2018 Old Dominion's Obj. at 1.)

{¶ 5}    The commission timely opposed Old Dominion's objection to the appellate magistrate's decision, arguing that the decision was based on some evidence, and that the magistrate had decided the matter correctly.

{¶ 6}    The issue presented to this Court is whether, under the facts of this matter, the commission was required to grant Old Dominion's request to exercise continuing jurisdiction.  We find that the magistrate, in concluding that the answer to that question is

no, applied the correct legal standard for determining as a matter of law the commission's exercise of continuing jurisdiction. The magistrate cited R.C. 4123.52, which provides that "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." (App'x at ¶ 40.) The magistrate also cited *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992), a decision rendered by the Supreme Court of Ohio wherein it enunciated judicially carved circumstances under which continuing jurisdiction may be exercised.

{¶ 7} The magistrate in her decision then summarized the parties' opposing positions as follows:

> The commission does not necessarily argue that new and changed circumstances did not exist, acknowledging that case law would support a finding that the subsequent allowance or disallowance of conditions can have an effect on prior orders. Instead, the commission argues that relator did not show new and changed circumstances that would warrant the commission invoking its continuing jurisdiction. Specifically, when the commission originally granted claimant PTD compensation, the commission relied on medical reports that found claimant independently disabled based separately on the physical conditions and the psychological conditions. The commission asserts that any change to the status of the psychological conditions, including the disallowance of the condition of PTSD, did not affect the validity of the original decision to award PTD compensation because that decision was still properly supported by medical evidence from physicians who considered only the allowed physical conditions and concluded that based on those allowed physical conditions alone, claimant was unable to return to any sustained remunerative employment.
>
> The question is whether the commission abused its discretion when it denied the request to invoke its continuing jurisdiction and whether the reason given for that decision is supported by some evidence. Even if the commission should have found that relator presented evidence of new and changed circumstances, that claimant's claim was specifically disallowed for the psychological condition PTSD, that fact does not support an order vacating the award of PTD compensation. As noted in the findings of fact, claimant presented medical evidence from physicians who considered only his allowed physical

conditions. Those physicians opined that he was unable to return to employment. Claimant also submitted medical evidence from physicians who considered only his allowed psychological conditions and those doctors likewise found that he was unable to return to work. As the commission asserts, the commission found claimant's allowed physical conditions independently rendered him unable to return to sustained remunerative employment. The subsequent disallowance of the psychological condition PTSD did not and would not change that fact. Inasmuch as no remedial action would clearly follow, the magistrate finds that the commission did not abuse its discretion here when it refused to exercise its continuing jurisdiction over the claimant's award of PTD compensation.

Based on the forgoing, it is the magistrate's decision that relator has not demonstrated the commission abused its discretion when it declined to exercise its continuing jurisdiction over the award of PTD compensation to claimant, and this court should deny relator's request for a writ of mandamus.

(App'x at ¶ 42-44.)

{¶ 8} Old Dominion's objection generally presents the same arguments it presented in its original brief, which the magistrate addressed in her decision. However, Old Dominion also takes exception to the medical reports the magistrate references in the decision, stating:

The fact that the Magistrate searched the record and found additional medical reports from "physicians who considered only ... [Mason's] physical conditions" and who opined that he "was unable to return to employment" does not justify her failure to find that new and changed circumstances exist and that the exercise of continuing jurisdiction is both necessary and appropriate. Rather, it violates the well-settled rule of law set forth by the Ohio Supreme Court in *Mitchell v. Robbins & Meyers, Inc.* (1983), 6 Ohio St. 3d, 481, 483-484, * * * that the Court will "no longer search the commission's file for 'some evidence' to support an order of the commission not otherwise specified as a basis for the decision." Any such reports were not the basis of the SHO's holding that awarded Mason PTD compensation in this claim. Since the Commission did not base its PTD holding upon those unspecified reports, they may not be relied upon by the Magistrate here as an alternative basis to support the PTD order.

(Old Dominion's Obj. at 6-7.)

{¶ 9} We disagree with Old Dominion's characterization of the magistrate's review of the record. The magistrate references in her decision five medical reports: the September 25, 2007 report of Mason's treating physician, Charles B. May, D.O. (App'x at ¶ 23); the January 28, 2008 report of Richard M. Ward, M.D. (App'x at ¶ 25); the October 7, 2009 report of William R. Fitz, M.D. (App'x at ¶ 26); the April 1, 2009 report of Lee Howard, Ph.D. (App'x at ¶ 27); and the October 21, 2009 report of John M. Malinky, Ph.D. (App'x at ¶ 28). The magistrate correctly states in her decision that each of these reports was specifically identified in the SHO's 2010 order awarding PTD compensation. *See* App'x at ¶ 29, 35. It is incorrect for Old Dominion to claim that the magistrate "searched the record" to locate physician reports not identified in commission orders. (Old Dominion's Obj. at 6.) Contrary to Old Dominion's claim, we find that the magistrate properly reviewed the medical reports identified by the commission.

{¶ 10} Additionally, the test for establishing a right to PTD compensation requires the claimant to demonstrate that "an allowed condition independently caused the disability." *State ex rel. Bradley v. Indus. Comm.*, 77 Ohio St.3d 239, 242 (1997), citing *State ex rel. LTV Steel Co. v. Indus. Comm.*, 65 Ohio St.3d 22 (1992). We find that the magistrate properly applied this standard when determining whether the alleged new and changed circumstances were relevant to the commission's original decision awarding PTD compensation to Mason.

{¶ 11} Finally, we take note of the commission's discussion regarding the timeliness of Old Dominion's current action to the PTD compensation award. In its memorandum in opposition to Old Dominion's objection, the commission states:

> In reviewing the Magistrate's Decision, it is important to remember that continuing jurisdiction with the potential for destabilizing prior commission orders is reserved only for situations in which circumstances truly have changed since the award. *State ex rel. Knapp v. Indus. Comm.*, 134 Ohio St.3d 134, 2012-Ohio-5379, 890 N.E.2d 987. The commission is also limited to a "reasonable period of time" in which to exercise its inherent power of continuing jurisdiction. *State ex rel. Gatlin v. Yellow Freight System, Inc.,* 18 Ohio St.3d 246, 480 N.E.2d 487 (1985). In this case, the course of the administrative and litigation process was irrevocably altered by Mason's death, which obviously impacted the evidence available to defend against Old Dominion's appeal of the administratively allowed psychological condition, i.e., post-traumatic stress disorder

("PTSD"). Old Dominion prevailed in its R.C. 4123.512 appeal of the allowance of that condition to the Franklin County Court of Common Pleas in Case No. 10CV010944 (the "PTSD Case") only after the evidence available at trial was stripped of crucial testimony – [Mason] was deceased and thus Old Dominion's Motion for Summary Judgment was unopposed. (Stipulation of Evidence at 814-815, 840 "S. ____"). Old Dominion's mandamus action seeks to overturn a disability order issued on March 31, 2010, and to reverse nearly a decade of disability payments made to Mason. Clearly, Old Dominion's request stretches the limits of the commission's "reasonable period of time" to exercise its continuing jurisdiction. However, both the commission and the Magistrate considered Old Dominion's request based on its merits despite the significant delay in the proceedings.

(Commission's Memo. in Opp. at 2-3.) We agree.

{¶ 12} On review of the magistrate's decision, an independent review of the record, and due consideration of Old Dominion's objection, we find the magistrate has properly stated the pertinent facts and applied the appropriate law to the facts of this matter. We therefore overrule Old Dominion's objection to the magistrate's decision and adopt the decision as our own, including the findings of facts and conclusions of law contained in the magistrate's decision. Accordingly, we deny the requested writ of mandamus.

*Objection overruled;*
*petition for writ of mandamus denied.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

<u>APPENDIX</u>

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


The State ex rel.                                            :
Old Dominion Freight Line, Inc.,

            Relator,                                   :

                                                        :

v.                                                            :                    No.  18AP-73

                                                        :

Industrial Commission of Ohio,                               :                    (REGULAR CALENDAR)

            Respondent.                               :

                                                        :

---

## MAGISTRATE'S DECISION

Rendered on November 2, 2018

---

*Eastman & Smith LTD, Mark A. Shaw,* and *Kimberly S. Kondalski,* for relator.

*Michael DeWine,* Attorney General, and *Sherry M. Phillips,* for respondent Industrial Commission of Ohio.

---

IN MANDAMUS

**{¶ 13}** Relator, Old Dominion Freight Line, Inc., has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order wherein the commission refused to exercise its continuing jurisdiction, and ordering the commission to find that relator presented evidence of new and changed circumstances to warrant vacating the order which granted permanent total disability ("PTD") compensation to Robert L. Mason ("claimant").

Findings of Fact:

{¶ 14} 1. Claimant sustained a work-related injury on January 18, 2005 when he slipped on ice and fell to the ground, landing on his left hip. Initially, claimant was diagnosed with left femoral neck fracture and left intertrochanteric femur fracture.

{¶ 15} 2. On January 21, 2005, claimant underwent surgery consisting of an open reduction, internal fixation of his left proximal femur.

{¶ 16} 3. Shortly thereafter, relator certified claimant's claim for hip fracture and left intertrochanteric femur fracture and left femoral neck fracture.

{¶ 17} 4. Claimant filed his first application for PTD compensation on April 26, 2006.

{¶ 18} 5. Following a hearing before a staff hearing officer ("SHO") on February 28, 2007, claimant's application was denied. The SHO found that claimant retained the physical and intellectual abilities to engage in sustained remunerative employment at a sedentary level.

{¶ 19} 6. Following a hearing before a district hearing officer ("DHO") on August 22, 2007, claimant's claim was additionally allowed for depressive disorder, left short leg syndrome, and lumbar strain.

{¶ 20} 7. The order of the DHO was affirmed and the commission refused relator's further appeal.

{¶ 21} 8. Following a hearing before a DHO on August 6, 2008, claimant's claim was additionally allowed for post-traumatic stress disorder ("PTSD").

{¶ 22} 9. The additional allowance of PTSD was affirmed and relator ultimately appealed the additional allowance to the common pleas court.

{¶ 23} 10. Claimant filed his second application for PTD compensation on July 22, 2009. In support of his application, claimant submitted the September 25, 2007 report of his treating physician, Charles B. May, D.O., who opined as follows:

> Based upon the allowed conditions in this claim other than the psychiatric condition of depressive disorder for which I have not evaluated or treated Mr. Mason, it is my medical opinion that Mr. Mason will not be able to return to his previous employment as a truck driver on a permanent basis as a direct and proximate result of the allowed physical conditions in this claim. Furthermore, it is my medical opinion that Mr. Robert Mason is, in fact, permanently and totally disabled from any

form of substantial gainful employment as a direct and proximate result of the allowed physical conditions in this claim. I have completed the physical capacity form that you have enclosed as well as the physician statement of permanent and total disability as you have requested.

{¶ 24} Claimant also submitted the July 22, 2009 report of Dr. May, wherein he stated:

Pursuant to your request, I did have the opportunity to review my medical file on Robert Mason for the purpose of disability evaluation. In regards to the above-captioned claim, I will state at this time that I have taken care of Mr. Mason since 03/13/2007 in regards to his claim. He was last examined in this office on 06/08/2009. Although his claim allowances refer to bilateral femoral neck fracture, according to Mr. Mason and according to my examinations and review of records, only the left side was fractured. I have only evaluated the left hip and will not be referring to any problem or problems with the right hip over if they do exist in regards to my determination or recommendation for disability.

Also, as I have stated above, Mr. Mason has a psychological allowance in this claim, i.e. depressive disorder and I am not considering any impairment or disability that [] allowance may cause. I refer you to my previous medical reports which summarize my evaluation and treatments of Mr. Mason.

Based upon my past and current evaluations of Mr. Mason, it is my medical opinion that Robert L. Mason is unable to return to his previous employment as a truck driver on a permanent basis as a direct and proximate result of the allowed physical condition in this claim. Furthermore, it is my medical opinion that Robert L. Mason is permanently and totally disabled from any form of substantial gainful employment as a direct and proximate result of the allowed physical conditions in this claim. I have completed a Physical Functional Capacity Assessment Form that you enclosed and I have completed a Statement of Physician that you have enclosed.

{¶ 25} 11. The record also contains the January 28, 2008 report of Richard M. Ward, M.D., who concluded that claimant was unable to return to work, stating:

I saw Robert Mason in the office today at your request for the purpose of a disability evaluation. He is now 68 years old.

By history, on 1/18/05 he was working as a truck driver and slipped and fell on some ice in the truck yard and fractured his left hip. He had to have a surgical procedure done that did not help him. He has never been able to return to work. He continues to have severe pain in his left hip and this pain requires the full time use of a four prong cane to assist ambulation. He also has severe pain in his lower back with muscle spasms and stiffness. His low back symptoms are aggravated by bending, lifting and twisting. He has a difficult time with sitting. He is followed by a doctor with medication. He denies ever having had problems with his left hip or lower back prior to the incident that occurred as described on 1/18/05.

He is 6'3" tall, weighs 290lbs and is left handed. On examination he walks in a forward crouch using a cane in his right hand. He has a marked limp. When he gets up from a seated position he has to push himself up because of the pain in his lower back. He has involuntary muscle spasms with marked loss of lumbar spine motion. He lacks 10 degrees of normal extension, he has 20 degrees of forward flexion, 10 degrees of right lateral tilt and 10 degrees of left lateral tilt. He has a surgical scar from the surgery to treat the fractured left hip. He has essentially no hip motion and has severe pain.

As a result of the history and my examination, I believe he was injured as described on 1/18/05. As a direct result of that injury he has the allowances of hip fracture, left intertrochanteric femur fracture, left femoral neck fracture, depressive disorder, left short leg syndrome and lumbar strain. Considering only the physical allowances and not the psychiatric allowance, the significance is that the surgical treatment of his fractured left hip was a failure and he continues to have severe pain in the left hip with almost no hip motion and he requires the full time use of a four prong cane to assist ambulation. He has pain across his lower back with involuntary muscle spasms and loss of back motion. Taking into account the specific physical allowances from the injury on 1/18/05 and my physical findings, it is my opinion based upon a reasonable medical probability that as a direct result of the physical allowances from the injury on 1/18/05 he is not able to return to substantial gainful employment. No combination of sit-stand-walk option that would add up to an 8 hour work day for him. He also has severe postural limitations. He cannot use his legs to operate foot controls. He has severe lifting and carrying limitations and he has to use a cane at all times to assist in ambulation. I did fill out a physical

capacity evaluation to the best of my ability, again, taking into account the specific physical allowances from the injury that occurred on 1/18/05. To reiterate based upon all of the above, it is my opinion that as a direct result of the physical allowances from the injury that occurred on 1/18/05, he is not capable of returning to substantial gainful employment and should for this reason be granted permanent total disability. This opinion is certainly based upon a reasonable medical probability.

{¶ 26} 12. An independent medical examination was performed by William R. Fitz, M.D. In his October 7, 2009 report, Dr. Fitz identified the medical records which he reviewed, provided his physical findings on examination, concluded that claimant had reached maximum medical improvement ("MMI") for the diagnoses of hip fracture, left intertrochanteric femur fracture, left femoral neck fracture, left short leg syndrome, and lumbar strain. Dr. Fitz opined that claimant had a 37 percent whole body impairment and that he was incapable of working. Dr. Fitz specifically indicated that he was not provided an impairment rating for the allowed conditions of depressive disorder or PTSD.

{¶ 27} 13. Claimant also submitted evidence that his allowed psychological conditions rendered him incapable of working. Specifically, claimant submitted the April 1, 2008 report of Lee Howard, Ph.D., who opined that claimant was permanently and totally disabled as a result of his depressive disorder.

{¶ 28} An independent medical evaluation was performed by John M. Malinky, Ph.D., who issued a report dated October 21, 2009. Dr. Malinky concluded: "Based solely on impairment resulting from the allowed mental and behavioral condition(s) in this claim within my specialty, and with no consideration of the Injured Worker's age, education, or work training," claimant was incapable of working.

{¶ 29} 14. Claimant's application was heard before an SHO on March 16, 2010 and was granted. The SHO order provides:

After full consideration of the issue it is the order of the Staff Hearing Officer that the Injured Worker's IC-2 Application for Permanent Total Disability Compensation is granted. Permanent total disability compensation is awarded from 09/25/2007 (less any compensation that previously may have been awarded over the same period), and to continue without suspension unless future facts or circumstances should

warrant the stopping of the ward. Such payments are to be made in accordance with R.C. 4123.58(A).

Permanent and total disability compensation is awarded from 09/25/2007 for the reason that this is the date of Dr. May's report supporting the award.

It is the finding of the Staff Hearing Officer that the Injured Worker is permanently and totally disabled as the result of the medical effects of his allowed physical and psychological injuries. The Injured Worker has been prevented from returning to any form of sustained remunerative employment as a consequence of each of these two categories of medical condition. Such a finding mandates an award of permanent total disability compensation without further consideration of the "[*State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987)]" factors. In reaching this conclusion, the Staff Hearing Officer relies upon the independent medical examinations and evaluations performed at the direct of the Industrial Commission: William R. Fitz, M.D., who examined with respects to the allowed physical injuries, and John M. Malinky, Ph.D., who examined with respects to the allowed psychological conditions. In evaluating the credibility of these reports, the Staff Hearing Officer particularly notes the 01/28/2008 report of Dr. Ward, the two reports of Dr. May of 09/25/2007 and 09/26/2007, and the 07/07/2009 report of Dr. Howard. The Staff Hearing Officer further particularly notes that the Injured Worker has a claim which is allowed for a very serious left hip fracture, and also for psychological conditions, notably post traumatic stress disorder, together with some physical conditions related to the allowed hip fracture.

The Staff Hearing Officer has considered the prior denial of a permanent and total application in early 2007, the medical submitted on behalf of the Employer, and the Employer's arguments with respect to the sufficiency of the evidence submitted in support of the application. Specifically, the Staff Hearing Officer has considered the Employer's argument that the Injured Worker suffers from multiple unallowed medical conditions which have been improperly evaluated by the medical evidence in support of the application, and has further considered the Employer's arguments with respect to alleged inconsistency in these reports.

It is plain that the Injured Worker does suffer from medical conditions over and above his allowed injuries. In particular,

the Injured Worker has multi-level spondylosis in the lower back, which may impact the Injured Worker's loss of function in the lower back, when consideration is being properly given to his allowed lumbar strain. In light of the fact that the medical professionals specifically state that they are considering only allowed conditions, there is no direct evidence of any improper consideration of these unallowed conditions affecting the same body part.

The Employer further argues that the reports of Drs. Howard and May improperly consider the Injured Worker's age, education, work experience, and similar disability factors in reaching their conclusions. Reading the reports in context, they are plainly stating that the Injured Worker has lost the ability to engage in any form of sustained remunerative employment. Further, an error in one of Dr. May's reports which appears to state he is considering a right hip fracture, is plainly merely a clerical error as there is no evidence the Injured Worker ever had a right hip fracture. Finally, the argument that the physical evidence supports the conclusion that the Injured Worker could engage, on a physical basis, in part-time sedentary work is not supported by the reports cited. This is an inference drawn argumentatively, but not stated by the reports under consideration.

In light of the fact that the independent examinations both conclude that the Injured Worker is unable to engage in sustained remunerative employment, solely as the result of the allowed conditions, the weight of the evidence strongly supports the conclusion that the physical and psychological conditions taken together do so. Consequently, an award of permanent total disability compensation is made.

{¶ 30} 15. As the SHO noted, PTD compensation was awarded beginning September 25, 2007, the date of Dr. May's report supporting the award. Relator's request for reconsideration was denied by order of the commission mailed May 20, 2010.

{¶ 31} 16. Relator filed a mandamus action which this court denied.

{¶ 32} 17. In the meantime, relator's appeal of the allowance of PTSD proceeded slowly because claimant was in poor health.

{¶ 33} 18. Following claimant's death due to non-occupational health conditions, the trial court granted relator's motion for summary judgment and found that claimant was

not entitled to participate in the Ohio Workers' Compensation Fund for the psychological condition of PTSD.

{¶ 34} 19. After the condition PTSD was disallowed, relator filed a motion asking the commission to invoke its continuing jurisdiction to vacate the SHO order which granted claimant's application for PTD compensation based on new and changed circumstances.

{¶ 35} 20. Following the hearing before an SHO on July 7, 2017, the commission found there was no legal basis on which to vacate the SHO order which awarded PTD compensation commencing September 25, 2007 finding that the hearing officer who granted PTD compensation had found that the allowed physical conditions were independently disabling. Specifically, the SHO order provides:

> Permanent total disability compensation was granted based on both the allowed physical conditions and the allowed psychological conditions.
>
> Counsel for the Employer has argued that continuing jurisdiction is properly invoked under R.C. 4123.52 on the basis of new and changed circumstances. Specifically, counsel refers to the finding that, following issuance of the 03/16/2010 permanent total disability award order, the Franklin County Court of Common Pleas issued an order disallowing the claim for "post traumatic stress disorder." The other psychological allowance of "depressive disorder, however, remained part of the claim as it is today. Citing the case of *State ex rel. Fields v. Indus. Comm.* (1993), 66 Ohio St.3d 339, which held that the Industrial Commission is not permitted to "base an award of permanent total disability on non-allowed medical conditions, in whole or in part," counsel argues that all permanent total disability compensation awarded since 09/25/2007 is properly vacated based upon new and changed circumstances.
>
> The Staff Hearing Officer is not persuaded by the Employer's argument.
>
> It is clear from the face of the permanent total disability order of 03/16/2010 that the Staff Hearing Officer found that the allowed physical conditions were *independently* disabling. The 03/16/2010 Staff Hearing Officer order stated: "The Injured Worker has been prevented from returning to any form of sustained remunerative employment as a consequence *of each of these two categories* of medical condition." (Emphasis added.) The Staff Hearing Officer

order relied upon the reports from William R. Fitz, M.D. (dated 10/07/2009) and Charles May, D.O. (dated 09/25/2007 and 09/26/2007) in finding that the allowed *physical* conditions were permanently and totally disabling.

As such, the Staff Hearing Officer concludes that the subsequent denial of a previously allowed psychological condition will not affect the award of permanent total disability compensation because of the independently disabling nature of the [] allowed physical conditions.

(Emphasis sic.)

{¶ 36} 21. Relator's request for reconsideration was denied by order of the commission mailed August 31, 2017.

{¶ 37} 22. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 38} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 39} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 40} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In *State ex rel. B & C Machine Co. v. Indus. Comm.*, 65 Ohio St.3d 538, 541-42 (1992), the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:

> R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, *e.g., State ex rel. Gatlin v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487 (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); *State ex rel. Cuyahoga Hts. Bd.*

> *of Edn. v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383 (just cause for modification of a prior order includes new and changed conditions); *State ex rel. Weimer v. Indus. Comm.* (1980), 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149 (continuing jurisdiction exists when prior order is clearly a mistake of fact); *State ex rel. Kilgore v. Indus. Comm.* (1930), 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345 (commission has continuing jurisdiction in cases involving fraud); *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379 (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 86, 556 N.E.2d 168, 170 (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law.

*Id.* at 541.

{¶ 41} Relator begins its argument by asserting that the disallowance of claimant's workers' compensation claim for the psychological condition of PTSD clearly amounted to new and changed circumstances. Relator asserts the commission was required to find new and changed circumstances existed and then, having found so, vacate the prior SHO order awarding PTD compensation, and hold a new hearing to consider whether or not claimant was entitled to an award of PTD compensation.

{¶ 42} The commission does not necessarily argue that new and changed circumstances did not exist, acknowledging that case law would support a finding that the subsequent allowance or disallowance of conditions can have an effect on prior orders. Instead, the commission argues that relator did not show new and changed circumstances that would warrant the commission invoking its continuing jurisdiction. Specifically, when the commission originally granted claimant PTD compensation, the commission relied on medical reports that found claimant independently disabled based separately on the physical conditions and the psychological conditions. The commission asserts that any change to the status of the psychological conditions, including the disallowance of the condition of PTSD, did not affect the validity of the original decision to award PTD compensation because that decision was still properly supported by medical evidence from

physicians who considered only the allowed physical conditions and concluded that based on those allowed physical conditions alone, claimant was unable to return to any sustained remunerative employment.

{¶ 43} The question is whether the commission abused its discretion when it denied the request to invoke its continuing jurisdiction and whether the reason given for that decision is supported by some evidence. Even if the commission should have found that relator presented evidence of new and changed circumstances, that claimant's claim was specifically disallowed for the psychological condition PTSD, that fact does not support an order vacating the award of PTD compensation. As noted in the findings of fact, claimant presented medical evidence from physicians who considered only his allowed physical conditions. Those physicians opined that he was unable to return to employment. Claimant also submitted medical evidence from physicians who considered only his allowed psychological conditions and those doctors likewise found that he was unable to return to work. As the commission asserts, the commission found claimant's allowed physical conditions independently rendered him unable to return to sustained remunerative employment. The subsequent disallowance of the psychological condition PTSD did not and would not change that fact. Inasmuch as no remedial action would clearly follow, the magistrate finds that the commission did not abuse its discretion here when it refused to exercise its continuing jurisdiction over the claimant's award of PTD compensation.

{¶ 44} Based on the forgoing, it is the magistrate's decision that relator has not demonstrated the commission abused its discretion when it declined to exercise its continuing jurisdiction over the award of PTD compensation to claimant, and this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or

legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).